FARMERS' CO-OPERATIVE INSURANCE ASSOCIATION OF FLOYD COUNTY *v.* TALIAFERRO.

1. The policy sued on in this case was, under the facts disclosed by the record, a valid instrument and, as such, binding upon the association by which it was issued.
2. The finding in favor of the plaintiff was fully supported by the evidence, and the trial court committed no error in refusing to grant a new trial.

Argued March 25, — Decided April 21, 1899.

Action on insurance policy. Before Judge Henry. Floyd superior court. July 19, 1898.

*C. N. Featherston*, for plaintiff in error.
*McHenry & Nunnally*, contra.

LUMPKIN, P. J. The constitution of the Farmers' Co-operative Insurance Association of Floyd County contained the following provisions: (1) The object and business of the association shall be the mutual or co-operative insurance of the property of its members; (2) each person granted insurance in the association shall thereby become a member thereof; (3) the affairs of the association shall be under the supervision and control of a board of fifteen directors; and (4) every application for insurance, in order to authorize the issuance of a policy, shall be accepted by the unanimous vote of a quorum of such directors. Before the permanent organization of the association, its promoters, through agents, received applications for insurance. Among these was one by Mrs. A. L. Taliaferro seeking a policy covering both realty and personalty in the sum of $750.00. This application, as presented, was approved at a

meeting of the promoters. Subsequently, to wit, on the 6th day of April, 1896, a majority of all the persons who had presented applications for insurance held a meeting for the purpose of effecting a permanent organization. On that day, but before the meeting was called to order, Mrs. Taliaferro's application was, at the request of her husband, altered by the agent at whose solicitation it had been presented, so as to make the same seek insurance in the sum of $1,150, instead of only $750, and cover additional property. Applications to the extent of $100,000 were essential to a lawful organization. The secretary of the meeting read out a list of all applications on file, with a view to informing those present that the requisite amount of insurance had been applied for. In so doing he called the name of Mrs. Taliaferro as an applicant for insurance in the sum of $1,150. It appeared that it was necessary to count her application in order to make up the $100,000, but it was in this respect immaterial whether her application should be considered as one for $750 or for $1,150. The meeting then proceeded to elect officers, including a board of fifteen directors, and thereupon adjourned. Later on the same day the directors held a meeting at which, as appears from the minutes thereof, "the secretary was instructed to issue [a policy] for each approved application, each policy to bear date April 15, 1896." The minutes of this meeting of the directors do not, however, show any action by the board of directors expressly approving or disallowing any particular application. Subsequently the secretary of the association issued and delivered to Mrs. Taliaferro a policy for $1,150, covering the property described in her application as amended, she paying therefor the premium required on a policy for that amount. This policy was, as directed, dated April 15, 1896. The next meeting of the directors was held on the day last named. At that meeting, as appears from the minutes thereof, "the secretary reported that policies had been issued to the following-named persons," appending a list of 140 names, in which appeared the words "Mrs. A. L. Taliaferro for $1,150." The minutes of this meeting further show that a number of matters were definitely acted upon, but are silent as to whether any specific

action was taken with reference to the secretary's report. The property described in the policy issued to Mrs. Taliaferro having been thereafter destroyed by fire, she brought her action against the association to recover the loss. The defense relied on was, that her policy was totally void for the reason that her application had never been approved by the board of directors, as required by the constitution of the association. The jury returned a verdict in her favor, and the question here presented is whether or not she was entitled to a recovery in any amount.

The material facts are as above stated. We say this although there was some evidence tending to show that neither the secretary nor the directors had, at any time prior to the adjournment of the directors' meeting held on April 15, been made aware of the fact that Mrs. Taliaferro's original application had been amended as above stated. It is also fair to say that the testimony as a whole warrants the inference that by the instructions given by the directors to the secretary, on April 6, they intended merely to authorize him to issue policies upon such applications only as had been passed upon and approved by the promoters of the association. But however this may be, our conclusion is that the policy sued on by Mrs. Taliaferro was valid and binding upon the association, and that the verdict in her favor should stand. The action of the directors on April 15, as shown by their minutes, amounted to an approval and ratification of the action of the secretary in issuing to Mrs. Taliaferro a policy for $1,150. The silence of the minutes as to any express or affirmative action taken upon the secretary's report is of no consequence. They at least permitted that which he had done to so remain. The only fair and reasonable interpretation of what actually appears on the minutes is, that the directors intended to give their sanction to what the secretary reported he had done in pursuance of the instructions they had previously given him. The truth is, the directors meant to approve and ratify the issuance of all policies, to the number of 140, he had issued. Otherwise, they would have expressly withheld their approval of such of them as they desired to repudiate, and this fact must of necessity have appeared in the record of their proceedings. At any rate, the burden was

upon the defendant to show that its directors had not, either ex-
pressly or impliedly, given their consent to or ratified the action
of the secretary in issuing the policy in question. The fact was
certainly made known to them, in the most clear and explicit
manner, that the secretary had issued this policy for $1,150,
and their non-action in the premises, with knowledge of this
fact before them, amounted to a ratification of his act, whether
it had previously been authorized by them or not, and surely
binds the association. It may be that in failing to inform
themselves of the circumstances under which the policy was
issued they did not act either advisedly or prudently; but cer-
tain it is they acted, and it does not now lie in the mouth of
the association to say to Mrs. Taliaferro that its board of direct-
ors took action upon her application and issued her a policy
without knowing what they were about. Although in approv-
ing and ratifying the issuance of the policy to her they may igno-
rantly have supposed that it was based upon an application
which had been passed on and approved by the promoters, this
mistaken notion on their part would not invalidate the policy.
Mrs. Taliaferro's final application asking for insurance to the
extent of $1,150 was regularly and properly before the meet-
ing of the directors on April 6, and it was their duty to ex-
amine and pass upon it without regard to what the promo-
ters had previously done, the latter having no authority what-
ever to bind the association by their approval of any applica-
tion. It can not now avail the association anything to assert
that the promoters had never really acted upon Mrs. Talia-
ferro's application in its amended form. At last the matter
was one for decision by the directors, as such, after their ap-
pointment; and they having, as has been seen, approved and
consented to the issuance of her policy, and having permitted the
association to retain the full premium paid therefor, it is now
too late for it to assert that the policy was issued through a
mistake on the part of its officers, not chargeable in any sense
to her. Possibly, had the association moved in the matter be-
fore a loss occurred, they might in a court exercising equity
jurisdiction have had the contract of insurance rescinded on the
ground of a mistake on its part regarding the precise risk it

was called upon to assume; but after loss, even this remedy would necessarily be cut off, as the parties could not be placed in statu quo. *Judgment affirmed. All the Justices concurring.*